UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEAN O.,

                          Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

Case No. C20-6037-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

## BACKGROUND

Plaintiff was born in 1957, has one year of college education and additional training as a certified nursing assistant, and has worked as a motel maid and in-home caregiver.  AR 191, 209. Plaintiff was last gainfully employed in 2017.  AR 210.

---

[1] Although Plaintiff's opening brief requests a remand for a finding of disability (Dkt. 22 at 2), Plaintiff clarified on reply that further proceedings would be useful.  *See* Dkt. 28 at 9.

1

2    In May 2018, Plaintiff applied for benefits, alleging disability as of April 1, 2010. AR

173-78. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

3    requested a hearing. AR 109-12, 116-18. After the ALJ conducted a hearing in October 2019

4    (AR 32-74), the ALJ issued a decision finding Plaintiff not disabled. AR 15-25.

5                                    **THE ALJ'S DECISION**

6    Utilizing the five-step disability evaluation process,[2] the ALJ found:

7    **Step one**: Plaintiff has not engaged in substantial gainful activity since May 18, 2018.

8    **Step two**: Plaintiff has the following severe impairments: chronic obstructive pulmonary
     disease ("COPD"), post-traumatic stress disorder, and major depressive disorder.

9
     **Step three**: These impairments do not meet or equal the requirements of a listed
10   impairment.[3]

11   **Residual Functional Capacity ("RFC")**: Plaintiff can perform medium work with
     additional limitations: she can lift/carry 25 pounds frequently and 50 pounds
12   occasionally. She can stand/walk six hours and sit six hours during an eight-hour
     workday. She can occasionally climb ladders, ropes, and scaffolds. She can perform
13   tasks with no more than occasional exposure to concentrated levels of dust, fumes, gases,
     or other pulmonary irritants. She can understand, remember, and carry out detailed (but
14   not complex) instructions. She can perform tasks that are not in a fast-paced, production-
     type environment.
15
     **Step four**: Plaintiff has no past relevant work.
16
     **Step five**: As there are jobs that exist in significant numbers in the national economy that
17   Plaintiff can perform, she is not disabled.

18
     AR 15-25.
19
        The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the
20
     Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the
21
     Commissioner to this Court. Dkt. 3.
22

23
     ───────────────────
     [2] 20 C.F.R. § 416.920.
     [3] 20 C.F.R. Part 404, Subpart P, App. 1.

     ORDER REVERSING THE COMMISSIONER'S
     DECISION - 2

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in discounting her subjective testimony and assessing the medical opinion evidence.[4] The Commissioner argues the ALJ's decision is free of harmful

---

[4] For the first time on reply, Plaintiff also challenges the terms of the Commissioner's appointment. Dkt. 28 at 2-7. Because this case must be remanded on other grounds, as explained herein, the Court need not address this issue.

1    legal error, supported by substantial evidence, and should be affirmed.

2         **A.      The ALJ Erred in Discounting Plaintiff's Subjective Testimony**

3         The ALJ summarized Plaintiff's subjective allegations and then turned to summarize the

4    medical evidence, explaining that the medical evidence did not establish the existence of greater

5    limitations than as found in the RFC assessment.  AR 19-21.

6         The Court agrees with Plaintiff that the ALJ's decision fails to provide any legally

7    sufficient reason to discount Plaintiff's allegations: a lack of corroboration in the medical record

8    cannot solely support an ALJ's rejection of a claimant's testimony.  *See Brown-Hunter v. Colvin*,

9    806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons allowing for

10   meaningful review where "she simply stated her non-credibility conclusion and then summarized

11   the medical evidence supporting her RFC determination"); *Rollins v. Massanari*, 261 F.3d 853,

12   857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that

13   it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant

14   factor in determining the severity of the claimant's pain and its disabling effects.").  The ALJ

15   pointed to the evidence that, in his view, supported the limitations included in the RFC

16   assessment, but this evidence does not amount to a clear and convincing reason to discount

17   Plaintiff's allegations.

18        The Commissioner's attempt to bolster the ALJ's decision by fleshing out the findings

19   and converting them into reasons is also insufficient.  Dkt. 27 at 3-6.  The Court is constrained to

20   review the ALJ's decision as written, and will not draw inferences missing from the ALJ's

21   decision.  *See Brown-Hunter*, 806 F.3d at 494.  On remand, the ALJ shall reconsider Plaintiff's

22   allegations and either credit them or provide legally sufficient reasons to discount them.

23

**B.    The ALJ Erred in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of several medical opinions, which the Court will consider in turn.

*1.    Legal Standards*

In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. § 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit. *See* Dkt. 27 at 7-10.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect.  The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

2.     *State Agency Opinions*

Plaintiff argues that the ALJ erred in purportedly crediting the State agency medical consultants' opinions and yet failing to fully account for them.  Dkt. 22 at 6-7.  Specifically, Plaintiff contends that the consultants opined that she must avoid concentrated exposure to extreme heat, extreme cold, fumes, odors, dusts, gases, and poor ventilation.  *Id.* (citing AR 85-86, 104-05).  The ALJ's RFC assessment describes Plaintiff as capable of tolerating "no more than occasional concentrated levels of dust, fumes, gases, or other pulmonary irritants" and does not address extreme heat/cold.  AR 19.

As emphasized by the Commissioner, the State agency opinions are ambiguous as to the degree of Plaintiff's environmental restrictions: the opinions indicate that Plaintiff can be exposed on a no-more-than-frequent basis to extreme heat/cold, fumes, odors, dusts, gases, and poor ventilation, but also indicate that Plaintiff must avoid concentrated exposure to those environments.  AR 85-86, 104-05.  The ALJ's RFC assessment is consistent with (and in fact more restrictive than) the part of the State agency opinions indicating that Plaintiff could have frequent exposure to fumes, odors, dusts, gases, and poor ventilation, but to the extent that the opinions also indicated that Plaintiff should entirely avoid concentrated exposure to those environments (as the ALJ found (AR 21)), the ALJ's RFC assessment does not account for such a limitation.  *See* AR 19.  Moreover, as noted above, the ALJ's RFC assessment does not restrict Plaintiff's exposure to extreme heat or cold at all.

Although the Commissioner presents a persuasive argument as to how any errors in the ALJ's assessment of Plaintiff's environmental restrictions could be harmless (Dkt. 27 at 12-13), because this case must be remanded on other grounds, the ALJ should reconsider on remand the environmental restrictions referenced in the State agency opinions and either credit the restriction

1 against concentrated exposure to extreme heat/cold, fumes, odors, dusts, gases, and poor

2 ventilation, or provide legally sufficient reasons to discount the restrictions.

3                3.     *Derek Leinenbach, M.D.*

4       Dr. Leinenbach performed a physical examination of Plaintiff in July 2018 and wrote a

5 narrative report describing Plaintiff's symptoms and limitations.  AR 426-29.  Specifically, Dr.

6 Leinenbach opined that, in light of her COPD, Plaintiff was limited to walking 4-6 hours in an

7 eight-hour workday and lifting 20 pounds occasionally and 10 pounds frequently.  AR 428.

8       The ALJ found Dr. Leinenbach's opinion unpersuasive because he did not perform any

9 cardiac/pulmonary testing and thus relied on Plaintiff's self-report in crafting his opinion.  AR

10 22.  The ALJ noted that shortly after Dr. Leinenbach's examination, Plaintiff denied chest pain

11 and shortness of breath on exertion (but did report recent slight chest tightness and wheezing),

12 and that her pulmonary testing only showed mild-to-moderate findings.  *Id.* (citing AR 749).

13       Plaintiff's mild-to-moderate test results are not necessarily inconsistent with Dr.

14 Leinenbach's opinion, but her contemporaneous denial of chest pain and shortness of breath

15 upon exertion does contradict her report to Dr. Leinenbach.  *Compare* AR 426 *with* AR 749.

16 The ALJ did not err in finding Dr. Leinenbach's opinion to be inconsistent with the record, or in

17 discounting it on this basis.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not

18 improper to reject an opinion presenting inconsistencies between the opinion and the medical

19 record).

20                4.     *Dominique Pepper, M.D.*

21       Dr. Pepper, Plaintiff's treating pulmonologist, completed a form pulmonary RFC report

22 in September 2019, describing Plaintiff's symptoms and limitations.  AR 755-61.  Dr. Pepper

23

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

1   opined that, *inter alia*, Plaintiff was limited to sitting four hours and standing/walking four hours

2   per workday, and occasionally lifting/carrying up to 10 pounds.  AR 758.

3       The ALJ found Dr. Pepper's opinion to be unpersuasive because it was unexplained on

4   its face and "highly inconsistent" with the treatment record, which showed only routine

5   maintenance of Plaintiff's COPD and that she denied symptoms until August 2019.  AR 22-23.

6   The ALJ also noted that Dr. Pepper opined that Plaintiff's prognosis was fair to good if Plaintiff

7   stopped smoking, and yet Plaintiff continued to smoke.  AR 23.

8       Dr. Pepper's opinion was rendered in September 2019 and she indicated that the earliest

9   her opinion applied was "today."  AR 761.  The ALJ himself acknowledged that Plaintiff's

10  symptoms increased around the time that Dr. Pepper's opinion was rendered, and it is therefore

11  unreasonable to find Dr. Pepper's opinion to be inconsistent with evidence from earlier years

12  when it does not purport to apply to that period.  Moreover, the fact that Plaintiff continued to

13  smoke does not undermine Dr. Pepper's opinion; Dr. Pepper's opinion describes Plaintiff's

14  current limitations with smoking.  Because the ALJ failed to reference contemporaneous

15  evidence inconsistent with Dr. Pepper's opinion (and instead acknowledged that the

16  contemporaneous evidence showed an increase in symptoms), the Court finds that the ALJ erred

17  in discounting Dr. Pepper's opinion as contradicted by the record.  On remand, the ALJ should

18  reconsider Dr. Pepper's opinion.

19              *5.    Peter Weiss, Ph.D.*

20      Dr. Weiss performed a psychological examination of Plaintiff in April 2018 and

21  completed a DSHS form opinion describing her mental symptoms and limitations.  AR 619-23.

22  Dr. Weiss opined that Plaintiff had several moderate, marked, and severe workplace limitations.

23  AR 621.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8

1    The ALJ found Dr. Weiss's opinion to be unpersuasive because it was inconsistent with

2    Plaintiff's lack of engagement with mental health services at the time of the examination, and

3    inconsistent with evidence showing that when she did engage with treatment, her symptoms

4    improved.  AR 23.  Plaintiff disputes the ALJ's findings, citing evidence of treatment after Dr.

5    Weiss's examination (Dkt. 22 at 11), but such treatment does not undermine the ALJ's finding

6    that at the time of Dr. Weiss's examination (and for the nearly two years before that point),

7    Plaintiff was not engaged in treatment.  Furthermore, the treatment record corroborates the ALJ's

8    finding that Plaintiff's mental symptoms improved when she did engage with treatment.  *See,*

9    *e.g.*, AR 477, 486, 493, 498, 503, 506, 507, 528-29, 549, 555-56, 562-63, 569-71.  Plaintiff

10   herself testified at the hearing that treatment was improving her symptoms.  *See* AR 46-49.

11   Although Plaintiff now contends that her symptoms waxed and waned, she cites no evidence

12   demonstrating this or showing that the ALJ's finding of improvement was unreasonable.  *See*

13   Dkt. 22 at 11-12.

14        The ALJ reasonably found that Dr. Weiss's opinion is undermined by Plaintiff's

15   contemporaneous lack of treatment and prior/subsequent improvement with treatment, and did

16   not err in discounting Dr. Weiss's opinion on this basis.  *See Flaten v. Sec. of Health & Human*

17   *Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (holding an ALJ may properly consider the level or

18   frequency of treatment for allegedly disabling conditions over the course of a claimant's history

19   of medical care, when assessing medical opinions); *Blacksher v. Berryhill*, 762 F. App'x 372,

20   374 (9th Cir. Feb. 26, 2019) (holding that the ALJ properly discounted a treating psychologist's

21   opinion due to the claimant's "gaps in treatment"); *Evans v. Berryhill*, 759 F. App'x 606, 608

22   (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part

23   because plaintiff "received only sporadic treatment for his condition").

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

1   To the extent that Plaintiff also challenges the ALJ's discounting the opinion of Judy

2   Moore, M.A., in light of the contrary evidence showing Plaintiff's improvement with treatment

3   (Dkt. 22 at 11), the Court finds that this reason applies equally to Ms. Moore's opinion as to Dr.

4   Weiss's opinion, and the ALJ did not err in discounting Ms. Moore's opinion on this basis as

5   well.  *See* AR 23-24, 737-44.

6                                          **CONCLUSION**

7           For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

8   this case is **REMANDED** for further administrative proceedings under sentence four of 42

9   U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony, the opinions of the

10  State agency medical consultants and Dr. Pepper, and any other parts of the decision as

11  necessary.

12          Dated this 16th day of August, 2021.

13

14

15                                                  S. KATE VAUGHAN
16                                                  United States Magistrate Judge

17

18

19

20

21

22

23

ORDER REVERSING THE COMMISSIONER'S
DECISION - 10